IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Lamar Brown,	Case No. 1:13CV906

    Petitioner

    v.	**ORDER**

Terry Tibbals, Warden,

    Respondent

This is a § 2254 habeas corpus proceeding in which the petitioner, convicted of murder in Richland County, Ohio, Court of Common Pleas, challenges his conviction on a single ground: that the denial of a pretrial motion for funds to pay an eyewitness expert violated his federal constitutional rights to a fair trial.[1] Pending are petitioner's objections to the Magistrate Judge's Report and Recommendation recommending denial of the petition. (Doc. 10).

For the reasons that follow, and on the basis of a *de novo* review, I find the Report and Recommendation well-taken in all respects, adopt it as the Order of this Court, and dismiss the petition. I decline to issue a Certificate of Appealability.

**Background**

The evidence at trial, which came principally from eyewitnesses, was clearly sufficient to enable the jury to find the petitioner guilty of murdering the victim. One eyewitness had seen the

---

[1] Petitioner has adequately preserved his sole ground for relief, which was one of three assignments of error he asserted in the state Court of Appeals, and was the only ground for his unsuccessful effort to have the Ohio Supreme Court hear his case.

two arguing earlier in the evening, and, during the argument, the petitioner referred to having his "strap" (gun) with him when he came down to Mansfield.

Somewhat later, a daughter of that eyewitness was on the front porch smoking a cigarette. She heard the petitioner and victim – with both of whom she was acquainted as schoolmates – arguing. She saw the petitioner pull a gun and shoot the victim, who fell down. She then saw him shoot the victim three more times. She could see the petitioner's face by the light of a street lamp as he bent over the victim while shooting him again. The petitioner ran down an alley.

A nearby police officer saw two African-Americans (one darker, the other lighter in complexion – the petitioner being known as Ebony, the victim as Ivory) arguing. He heard one say, "Shut the fuck up, nigger, I'll kill you." He heard shots and saw the lighter complected man (the victim), fall to the ground. The man with the darker complexion ran away to the north.

A police tracking dog led officers to the petitioner's house. While there, they observed a tan Blazer belonging to petitioner's mother. After the first eyewitness heard the earlier argument, she had seen the petitioner driving a tan Blazer. She and her daughter, who had witnessed the shooting, both told officers that petitioner shot the victim.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, governs this case. Under AEDPA, a petitioner, to prevail on a § 2254 petition must show the conviction either: 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or 2) was based on an unreasonable determination of the facts in light of the evidence.

Petitioner establish neither ground.

I have already determined, as did the Magistrate Judge, that the evidence clearly supported the finding of guilt – there was nothing at all unreasonable about the factual determinations at trial.

As the Magistrate Judge pointed out, petitioner has failed to cite any case to support his contention that denial of his pretrial motion for fees to obtain an eyewitness expert somehow violated clearly established state law. Indeed, to the extent that authority exists, it is to the contrary.

Thus, when the Sixth Circuit encountered a similar argument relating to the denial of expert eyewitness testimony, the Sixth Circuit held in *Moore v. Tate*, 882 F.2d 1107, 1109 (6th Cir. 1989), that the state trial court had not erred. This was so because, as here, defense counsel subjected the eyewitnesses to extensive cross-examination. As a result, both judge and jury had ample opportunity to assess the reliability of their testimony.

The court in *Moore* found no constitutional violation in refusing to allow the jury to hear an expert. The Magistrate Judge found no constitutional violation in the trial court's denial of a request for funds to try to find and hire and expert and obtain testimony that was – in light of the evidence and the decision in *Moore* – simply not needed to protect the petitioner's federal constitutional rights.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 10) be, and the same hereby is adopted as the Order of this Court; and

2. The petition be dismissed.

I decline to grant a Certificate of Appealability, as the petitioner did not make a substantial showing of the denial of a constitutional right.

So ordered.

/s/ James G.Carr
Sr. U.S. District Judge